JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED
FEB 10 1975
PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE L.E. LAY & CO.
ANTITRUST LITIGATION

DOCKET NO. 187

## OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III *, AND STANLEY A. WEIGEL *, JUDGES OF THE PANEL

PER CURIAM

   Two antitrust class actions have been commenced in two separate districts by plaintiff Lucille Lollar charging that various defendants instituted and maintained reciprocal dealing agreements and tying arrangements and, furthermore, that they misused a common mortgage escrow trust fund. Plaintiff is both the class representative in the Texas class action and the purported class representative in the Arkansas putative class action.

   Plaintiff moves the Panel for an order transferring the action in the Eastern District of Arkansas to the Eastern District of Texas for coordinated or consolidated pretrial proceedings with the class action currently pending there. While defendants concur that transfer of these actions to a single district is necessary, they favor the Eastern District of Arkansas as the transferee forum. We find that these actions involve

---

\* Although Judges Lord and Weigel were unable to attend the Panel hearing, they have, with the consent of all parties, participated in this decision.

common questions of fact and that transfer of the Arkansas action to the Eastern District of Texas for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

The sole dispute among the parties centers upon the most appropriate transferee district for this litigation. Defendants maintain that the Eastern District of Arkansas is the more suitable transferee forum because all of the relevant documents and records, all executive officers of defendants, several of defendants' principal offices and many witnesses are located there. Defendants also argue that the Arkansas forum is preferable since it is the only one where both actions can be tried because of venue considerations. On balance, however, we agree with movant's choice of the Eastern District of Texas because the reasons for selecting that district are more compelling.

We have often held that a factor to be considered in the selection of a transferee district is whether the pretrial proceedings in the action or actions in a particular forum are significantly more advanced than those in any of the actions in the other jurisdictions. See, e.g., In re Holiday Magic Securities & Antitrust Litigation, 368 F. Supp. 806, 807 (J.P.M.L. 1973); In re Boise Cascade Securities Litigation, 364 F. Supp. 459, 461 (J.P.M.L. 1973). Here, the pretrial proceedings in the Texas action have progressed to a relatively advanced stage in contrast to those in the Arkansas action

and, indeed, an imminent trial of the Texas action has been set. Moreover, Judge William Wayne Justice, who is assigned to the Texas action, has become thoroughly acquainted with the issues in this litigation and, therefore, is in the best position to supervise these actions toward their most expeditious termination.

Furthermore, on principles of comity, we are reluctant to transfer any action that has an important motion under submission with a court.  See In re Plumbing Fixture Cases, 298 F. Supp. 484, 496 (J.P.M.L. 1968).  Since movant has a motion for a preliminary injunction sub judice in the Texas action, our selection of the Eastern District of Texas as the transferee district for this litigation allows the Texas court to rule on this motion and at the same time permits the parties to gain the benefits from coordinated or consolidated pretrial proceedings.

Finally, because of the different stages of discovery in these two actions, we note that the discovery heretofore completed in the Texas action can be made applicable to the Arkansas action by utilizing the procedures recommended in the Manual for Complex Litigation, Part I, §3.11 and Part II, §3.11 (rev. ed. 1973).

IT IS THEREFORE ORDERED that the action listed on the attached Schedule A and pending in the Eastern District of Arkansas be, and the same hereby is, transferred to the Eastern District of Texas and, with the consent of that court, assigned to the Honorable William Wayne Justice for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the action listed on Schedule A and pending in that district.

SCHEDULE A                                                          DOCKET NO. 187

### EASTERN DISTRICT OF ARKANSAS

Lucille Lollar v. First Arkansas Bankstock
Corp., and Worthen National Bank & Trust          Civil Action
Co., N. A.                                        No. LR-74-C-289

### EASTERN DISTRICT OF TEXAS

Lucille Lollar v. L.E. Lay & Co., Inc.            Civil Action
                                                  No. P-73-CA-4